IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SHEMIKA D. SPRAGUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-0017-Z-BR |
| | § | |
| MCDONALDS U.S.A., LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS COMPLAINT**

Before the Court is Plaintiff Shemika D. Sprague's ("Sprague's") Complaint and application to proceed *in forma pauperis*. (ECF Nos. 3, 4). Based on the responses in her application (ECF No. 4), the Court finds that Sprague qualifies to proceed without payment of the filing fees, and her application to proceed *in forma pauperis* is GRANTED. The Complaint is thus subject to screening under 28 U.S.C. § 1915(e)(2)(B). Additionally, this Court should *sua sponte*, by its own motion,[1] examine its jurisdiction before considering the merits of a case. *Hill v. Obama*, 2011 WL 6969691, at *1 (E.D. Tex. Dec. 21, 2011) (citing *United States v. Hays*, 515 U.S. 737 (1995)). For the reasons explained below, the Court recommends that the Complaint be DISMISSED without prejudice for lack of subject matter jurisdiction.

---

[1] The Court recognizes that defendants filed two Motions to Dismiss (ECF Nos. 9, 12) that reference dismissal based on subject matter jurisdiction. Sprague filed no response to the first Motion to Dismiss (ECF No. 6) based on insufficient service, and has not yet filed a response to either Motion to Dismiss based on subject matter jurisdiction. Pursuant to the Local Rules for the Northern District of Texas, Sprague would have until May 7, 2020, to file any response to the latter two Motions to Dismiss (ECF Nos. 9, 12). However, as Sprague is proceeding *in forma pauperis*, the Court must on its own motion examine subject matter jurisdiction and dismiss this case "at the earliest opportunity" if it determines such jurisdiction does not exist. Additionally, Sprague may use the time for objections to these Findings and Conclusions to file any response to the Court's analysis of jurisdiction or to attempt to amend her claims to assert jurisdiction, if she believes her Complaint is subject to the jurisdiction of this Court. As the Court is not deciding this case based on the defendants' motions, but rather its own screening, these Findings and Conclusions are not prematurely issued before any response by Sprague to the defendants' motions.

I. **CASE BACKGROUND AND STANDARD OF REVIEW**

On January 16, 2020, Sprague filed her Complaint[2], alleging jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. § 1654, the Fourteenth Amendment, the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 2000(a)(2)(d)(1)-(2). (ECF No. 3). According to the facts in the Complaint, on July 1, 2019, Sprague took her minor children, A.S., G.S. and A.S. to the McDonald's located at 5620 W. Amarillo Blvd., Amarillo, Texas. *Id*. Sprague claims that her minor child noticed a large sum of money in an unlocked vehicle in the McDonald's parking lot. *Id*. Sprague entered the store and attempted to locate the owner of the vehicle by questioning the Manager, Urias Ramirez-Contreras. The Manager would only state that the vehicle belonged to an employee and if Sprague had an issue, she should call the police. *Id*. Sprague asserts that she called the police. *Id*.

Sprague asserts that two individuals, Paola Gonzales and Daniel Axleson, approached her and the minor children in the parking lot. *Id*. Sprague states that Ms. Gonzales swung open her own car door, striking Sprague in the hip. *Id*. Ms. Gonzales proceeded to slap Sprague. Sprague claims that Paul Gonzales, the brother of Paola Gonzales, and Daniel Axleson also started

---

[2] Sprague also alleges claims on behalf of her three minor children, A.S., G.S. and A.S. Based on prior litigation Sprague has pursued before the Court of Appeals for the Fifth Circuit, she is aware that she cannot represent her minor children as a non-lawyer. *See Sprague v. Dep't of Family & Protective Servs*., 547 F. App'x 507, 508 (5th Cir. 2013).

> In federal court, parties are guaranteed by statute the right to proceed pro se. *See* 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel"). However, this Court has held that a party could not proceed pro se on behalf of anyone other than himself when he brought suit on behalf of himself, his wife, and her minor child. *Johnson v. Lufkin Daily News*, 48 Fed. App'x. 917 (5th Cir. 2002) (citing § 1654); *see also Morgan v. Texas*, 251 Fed. App'x. 894, 896 n.2 (5th Cir. 2007) (noting that because the plaintiff was proceeding pro se, she did not have the authority to assert claims on behalf of the minor child); *Aduddle v. Body*, 277 Fed. App'x. 459 (5th Cir. 2008) (holding that even assuming the grandfather was the legal guardian of the grandchild, because he was not an attorney, he did not have the authority to represent her on a pro se basis). Indeed, the "vast majority of our sister circuits" have held that "non-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudoun Cnty. Public Sch*., 418 F.3d 395, 401 (4th Cir. 2005) (string cite omitted).

As such, the Court RECOMMENDS the claims of the minor children be dismissed without prejudice.

assaulting her. *Id.* Sprague states that the McDonald's Manager observed the entire assault. *Id*. Harvey Martinez, another Manager of the McDonald's, also had knowledge of the incident. *Id*. Sprague asserts that her attackers were all employees of the McDonald's, although not all currently on shift that night. *Id*. Sprague claims she fought back in self-defense. *Id.* As a result of the altercation, Sprague sustained injuries to her head. *Id*. Her children witnessed the assault. *Id*. Sprague pursued assault charges with the Amarillo Police Department. *Id*.

On January 2, 2020, Sprague took her minor children back to the same McDonalds. Sprague states that Ramirez-Contreras requested she leave based on an alleged trespass warning issued following the July 2019 incident. *Id*. Sprague then contacted the Amarillo Police Department about any trespass issuance and was told she would have received notice of any trespass warning. *Id*. Sprague then attempted to order food through the drive-through window and was denied service by Ramirez-Contreras. *Id*. When Amarillo Police Department officer arrived, Sprague was forced to sign a trespass notice, also signed by Ramirez-Contreras. *Id*.

By her Complaint, Sprague alleges state law claims of assault against the McDonald's employees involved in the July 2019 parking lot incident. Sprague further alleges violations of her federal constitutional rights by Ramirez-Contreras and Martinez and, by extension, McDonalds, as a result of her treatment by McDonald's staff in July of 2019 and January of 2020. Further, Sprague brings state law claims of harassment, intentional infliction of emotional distress, and negligence against these individuals. Sprague also asserts that the actions taken by McDonald's staff violation the Civil Rights Act of 1964 and 42 U.S.C. § 1981 laws against discrimination. Because the staff involved were all Hispanic and Sprague is African American, Sprague alleges her treatment was racially motivated. Sprague seeks compensatory damages in excess of $75,000 and injunctive relief against the trespass issuance.

Sprague is proceeding in this matter without payment of the filing fees. In such cases, a plaintiff may request assistance from the Court, through the United States Marshal Service, with effecting service on the defendants. In this particular case, Sprague attempted service on defendants, and the defendants have moved to dismiss based on insufficient service. (ECF No. 6). However, such deficiencies could be cured if the Court allowed plaintiff an opportunity to cure the deficiencies of service upon a showing of good cause. However, as the Court is allowing Sprague to proceed *in forma pauperis*, the Complaint is subject to screening. Additionally, the Court must screen the Complaint to determine its own subject matter jurisdiction. The Court regularly conducts such screening prior to ordering U.S. Marshal service of a Complaint. As the Court explains herein, Sprague's Complaint does not survive this screening process by the Court. As such, the Court finds it would be futile to allow Sprague the opportunity to cure the deficiencies of service of process in this case.

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999), as the federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Sprague chose to file her lawsuit in federal court, it is her burden to establish federal jurisdiction. And if she does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the

4

court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)). Thus, a district court can look outside of the complaint to determine facts relevant to subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming*, 281 F.3d at 161. This Court will consider all of plaintiff's pleadings and filings to determine whether facts exist to support the Court's subject matter jurisdiction. *See Williams*, 533 F.3d at 365 n.2; *Ramming*, 281 F.3d at 16.

When assessing jurisdiction, the district court accepts the plaintiff's allegations in the complaint as true and may resolve undisputed facts. *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). The plaintiff, as the party asserting jurisdiction, bears the burden of proof for establishing federal court jurisdiction. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). In the end, a court should "dismiss for lack of subject matter jurisdiction … only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Choice Inc. of Texas*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

## II.   ANALYSIS

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331; or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Federal courts are courts of limited jurisdiction. *See* U.S. CONST. ART. III, § 2, CL. 2. A federal district court only has the power to make decisions on the merits of a case when jurisdiction

arises under the constitution and is conferred by Congress in a federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A plaintiff who brings suit in federal court has the burden to prove that the district court has jurisdiction over the alleged controversy. *Kokkonen*, 511 U.S. at 377. The basis for federal subject matter jurisdiction should affirmatively appear in the plaintiff's pleading in the form "of a short and plain statement" asserting the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

However, allegations made in a complaint by a pro se plaintiff are liberally construed and held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). "If a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987) (citing *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)).

### Analysis of Sprague's Complaint for Subject Matter Jurisdiction

There are only two ways to establish federal subject matter jurisdiction: (1) federal question; and (2) diversity jurisdiction. *See* 28 U.S.C §§ 1331 and 1332. When a pro se plaintiff files suit in federal court and does not make a short statement of the grounds for jurisdiction pursuant to Federal Rule of Civil Procedure 8(a)(1), the court looks to the facts alleged to determine whether subject matter jurisdiction is appropriate. *See Margin*, 812 F.2d at 976; *Perez*, 312 F.3d at 194–95. Here, Sprague asserts jurisdiction under 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 2000, the Civil Rights Act of 1964, and 28 U.S.C. § 1654. Thus, the Court will determine if jurisdiction is appropriate under these statutes or whether jurisdiction may arise from the facts alleged by the Complaint.

**1. <u>Federal Question Jurisdiction</u>**

District courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, establishing federal-question jurisdiction is more limited and difficult than the "arising under" language might suggest. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The question whether a claim "arises under" federal law is determined by the well-pleaded complaint rule. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983). The longstanding rule requires that it be clear from the face of the plaintiff's original complaint that a federal question is asserted. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "[C]ases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm., Inc.*, 478 U.S. at 808. Thus, to establish federal-question jurisdiction, a plaintiff must specifically allege on the face of the complaint a cause of action created by a federal law. *See id*.

The most common way to assert a federal question is to allege in the complaint that a plaintiff was injured by a defendant in violation of a specific federal statute that has a cause of action with a remedy. *Id*. Here, Sprague's pro se pleadings allege defendants violated several federal statutes, as well as federal constitutional provisions. Additionally, the Court may look outside of the pleadings to determine whether the facts alleged in the pleadings support subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Sprague asserts multiple basis for this Court's jurisdiction. First, Sprague asserts jurisdiction under 42 U.S.C. § 1983, for violations of her Fourteenth and Fourth Amendment rights by the defendants. This statute fails to provide federal question jurisdiction for this suit because

Sprague failed to allege any facts that could conceivably support the requisite state action under color of law. *See Govea v. ATF*, 207 F. App'x 369, 372 (5th Cir. 2006) (citing *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 747–48 (5th Cir. 2001) (discussing the state action requirement).

Sprague also asserts jurisdiction under the Civil Rights Act of 1964, 42 U.S.C. 2000(a) *et seq*. Although Sprague's claims under these civil rights statutes do not require state action, they do require an intent to discriminate based on "some class-based animus." *See* 42 U.S.C. § 1985; *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 (5th Cir. 1998). Dismissal of these claims against all defendants is proper because Sprague has not alleged a conspiracy, a class-based animus, or any facts that would show either. *Govea*, 207 F. App'x at 373.

Despite Sprague's conclusory allegations that the employees of the McDonald's in question are Hispanic, and that Sprague is African American, such racial disparity alone is insufficient to establish racial motivation in the actions of the defendants. *Johnson v. City of Denton*, No. 4:17-CV-00453, 2018 WL 3487585, at *2 (E.D. Tex. June 8, 2018), report and recommendation adopted, No. 4:17-CV-453, 2018 WL 3478898 (E.D. Tex. July 19, 2018). Sprague asserted no facts that support a racial motivation on the part of the defendants in requesting a trespass order against her.

In order to establish a claim under Title II of the Civil Rights Act, a plaintiff must show that "(1) [she] is a member of a protected class; (2) [she] attempted to contract for the services of a public accommodation; (3)[she] was denied those services; and (4) the services were made available to similarly situated persons outside [her] protected class." *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 350 (5th Cir. 2008). Sprague's mere listing of 42 U.S.C. § 2000(a) does not, without more, create federal question jurisdiction; such a conclusory reference is insufficient to establish jurisdiction. *See Guillory v. Flewellen*, 203 F.3d 829 (5th Cir. 1999) ("conclusional

references to the Civil Rights Act, are not, without more, sufficient to establish federal jurisdiction."). Sprague's ostensible reference to her race and the race of the defendants in her filing also, without more, is not enough to establish jurisdiction. *See Nguyen v. Motel 6*, 3:16-CV-3365-L-BN, 2017 WL 1290702, at *3 (N.D. Tex. Mar. 8, 2017) (internal citations omitted) (finding that pro se plaintiff had not established federal question jurisdiction under 42 U.S.C. § 2000a because she had failed to credibly allege that she was discriminated against because of her national origin), report and recommendation adopted, 3:16-CV-3365-L, 2017 WL 1281389 (N.D. Tex. Apr. 4, 2017).

Sprague's claims for injunctive and declaratory relief should be dismissed because Sprague has made no allegations that would entitle her to such relief. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 245 (5th Cir. 1999) ("[T]here is no allegation suggesting that [Plaintiff] is likely to again suffer from [Defendants'] *discriminatory* actions."); *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998); *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985). Because Sprague has failed to properly allege the actions of the defendants were discriminatory, enforcement of the trespass order is not future discrimination. This also disposes of Sprague's § 2000a–3 claims, as the statute only allows prospective relief, not damage awards. *See* 42 U.S.C. § 2000a–3; *Bass*, 180 F.3d at 244.

Sprague also alleges jurisdictional support for her claims under 42 U.S.C. § 1981. This is misplaced. Sprague was not an employee of McDonalds or under any contractual agreement with McDonalds. Claims for racial discrimination under 42 U.S.C. § 1981 are analyzed identically with claims under Title VII. *See Jones v. Robinson Property Group, L.P.*, 427 F.3d 987 (5th Cir. 2005) (citing *Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002). Such claims are based on an individual's right to contract with others, free of discrimination.

9

Finally, Sprague asserts state law claims for assault, intentional infliction of emotional distress, harassment, and negligence. As the Court does not have jurisdiction over Sprague's claims otherwise, the Court declines to exercise supplemental jurisdiction over any state law claims.

This Court cannot say that Sprague's pleadings support federal-question jurisdiction. *See Merrell Dow Pharm., Inc.*, 478 U.S. at 808; *Margin*, 812 F.2d at 976. Although allegations made in a complaint by a pro se plaintiff are liberally construed, the facts alleged by Sprague, even viewed in the most liberal fashion, simply do not state or describe a cause of action in which federal-question jurisdiction is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). Sprague has failed to allege facts that can satisfy the jurisdictional requirements of a federal question based on the statutory and constitutional authority she asserts.

In reaching this decision, the Court conducted an extensive review of the facts alleged in Sprague's pro se pleadings. (ECF No. 3). This search for an appropriate statute or pleading mechanism did not reveal a cause of action that supports the exercise of federal-question jurisdiction for Sprague's allegations.

Even when a plaintiff is proceeding pro se, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted); *Govea v. ATF*, 207 Fed. App'x. 369, 372 (5th Cir. 2006) (not selected for publication). Establishing subject matter jurisdiction is the threshold, the "material point necessary to sustain [any] recovery," and failure to do so is fatal to a suit in federal court. *See Campbell*, 43 F.3d at 975; *Govea*, 207

Fed. Appx. at 372. Furthermore, courts need not " 'conjure up unpled allegations or construe elaborately arcane scripts' to save a complaint." *Campbell*, 43 F.3d at 975 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)). Any further search by this Court for a cause of action for Sprague's pro se suit might fall into the category of construing elaborate scripts to save the complaint. *See id*. Moreover, the " 'special judicial solicitude' with which a district court should view … pro se [filings] does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). Sprague has failed to uphold her burden of proof and establish subject matter jurisdiction through the assertion of a federal question. *See Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

### 2. Diversity jurisdiction

A district court may have subject matter jurisdiction under diversity jurisdiction if the amount in controversy exceeds $75,000.00, *and* the action is between citizens of different states. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship. *See Whalen v. Carter*, 654 F.2d 1087, 1094 (5th Cir. 1992). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). "[P]laintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed." *Whitmore v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000); *see also Vela v. Manning*, 469 Fed. Appx. 319, 320 (5th Cir. 2012) (not selected for publication). If the plaintiff shares the same state citizenship as one of the defendants, then the district court cannot exercise diversity jurisdiction. *See Whalen*, 654 F.2d at 1094.

The Court may infer from the facts alleged in the Complaint and from Sprague's domicile in Texas that she is a citizen of Texas, *see, e.g., Bacon v. Southwest Airlines Co.*, 997 F. Supp.

775, 779 (N.D. Tex. 1998). Sprague also acknowledges that at least one defendant (H.J. Enterprises) is a citizen of Texas. Further, it is clear from the facts alleged in the complaint that several of the defendants are employees of a McDonalds located in Texas, and it is reasonable to assume they are also citizens of Texas. It is therefore apparent that complete diversity is lacking. *See, e.g., Bacon*, 997 F. Supp. at 779 ("Plaintiffs' complaint strongly indicates that they are citizens of Texas. Defendants SWA and American Express are also citizens of Texas, which means that complete diversity does not exist." (footnote omitted)); *cf. Arshia, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 3:12-cv-2122-L, 2012 WL 4748065, at *2 (N.D. Tex. Oct. 4, 2012) ("[T]he law is that diversity of citizenship must exist, not diversity of residency; however, in light of Kincaid residing in Texas and his non-opposition to remand, the court reasonably infers that he is a citizen of Texas." (emphasis omitted)).

Based on this, Sprague's suit does not establish subject matter jurisdiction through an assertion of diversity jurisdiction. *See Life Partners, Inc.*, 650 F.3d at 1029.

### III. CONCLUSION

Even when construed liberally, Sprague's Complaint fails to allege facts supporting either federal question or diversity jurisdiction. Sprague asserts jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. § 1654, the Fourteenth Amendment, the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 2000(a)(2)(d)(1)-(2). As outlined herein, these statutes do not support a basis for jurisdiction based on the Complaint's facts and legal assertions. Further, Sprague has failed to establish complete diversity jurisdiction. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as *any one* of the defendants."). As such, Sprague's Complaint must be dismissed for lack of subject matter jurisdiction. Additionally, Sprague cannot bring claims on

behalf of her minor children, and such claims should be dismissed without prejudice.

## IV. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Sprague's Complaint (ECF No. 3) be DISMISSED without prejudice for lack of subject matter jurisdiction. Sprague's state law claims for assault, intentional infliction of emotional distress, harassment, and negligence should be dismissed as the Court will not exercise supplemental jurisdiction over claims without federal question jurisdiction over any claims. Further, it is RECOMMENDED that the claims of the minor children, A.S., G.S. and A.S., be dismissed without prejudice, as they cannot be brought by a non-lawyer. Defendants' Motions to Dismiss are MOOT. (ECF Nos. 6, 9, 12).

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

This Order terminates docket entry number 4.

ENTERED May 4, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).